**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


JORGE GEVARA,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )     1:09CV681
                                       )
F.B. HUBBARD, et al.,                  )
                                       )
                    Defendants.        )


**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner of the State of North Carolina, has filed a complaint against various state prison officials pursuant to 42 U.S.C. § 1983, for alleged excessive use of force and for alleged indifference to a serious medical need in connection with certain events that allegedly occurred at the Scotland Correctional Institution in Scotland County, North Carolina, in 2007. (Docket Entry 2.)[1] At the time Plaintiff filed the Complaint in 2009, he had been transferred to Lanesboro Correctional Institution in Anson County, North Carolina. (Id. at 2.) Plaintiff also filed a motion to appoint counsel at the same time that he instituted this action. (Docket Entry 3.) This Court, per Magistrate Judge P. Trevor Sharp, denied that motion. (Docket Entry 5.)

Plaintiff now has filed a second motion for appointment of counsel, as well as two additional documents, styled as an "Order to Cause [sic] for a [sic] Injunction a [sic] Temporary Restraining

_____

[1] In his filings, Plaintiff uses the last name "Galeas" (sometimes followed by the name "Gevara" in parentheses); however, because he is incarcerated under the last name "Gevara," and his claims relate to that incarceration, his case has been docketed under that last name.

Order" and an "Affidavit in Support of Order to Show Cause and for an Injunction and Temporary Restraining Order," respectively. (Docket Entries 9, 10, and 11.) In light of the liberal construction rules applicable to pro se litigants, see generally Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court will treat the Affidavit as a motion asking the Court to grant the proposed order. For the reasons that follow, the Court will deny that motion (and thus decline to enter the related proposed order), as well as Plaintiff's second motion for appointment of counsel.

Taking the latter motion first, the Court begins by observing that "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). To secure counsel through the auspices of the court, a litigant "must show that his case is one with exceptional circumstances." Id. As noted above, this Court (per Magistrate Judge Sharp) already has considered and has denied a request from Plaintiff for appointment of counsel. In his second motion seeking counsel, Plaintiff primarily simply repeats the same arguments Magistrate Judge Sharp found insufficient to warrant provision of counsel. The Court finds no basis to reconsider that determination.[2]

The only new grounds Plaintiff cites in his second motion seeking counsel are that he has been "placed into disciplinary

_____

[2] In this regard, the Court observes in particular that Plaintiff continues to show the ability to articulate his positions in a coherent manner, such that it is not "apparent" that he lacks the ability to present his claims, see Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (focusing on whether plaintiff has colorable claim, but lacks capacity to present it in analyzing "exceptional circumstances" question).

segregation control status," that he "has limited access to copiers or copies," and that "writing paper and ink pens are issued on an extremely limited basis . . . and some items are not provided at all . . ., including large envelopes to send his legal work, which thereby obstructs his access to the courts." (Docket Entry 11 at 1-2.) These allegations do not require appointment of counsel.

As to the first of these concerns, "[t]he Court notes that, whatever his custody status, Plaintiff was able to draft the instant motion complete with proper citations. That fact belies Plaintiff's claim that security restrictions prevent him from litigating this case appropriately. Moreover, considerations of this sort are insufficiently 'exceptional' to merit appointment of counsel." Tolbert v. Wyatt, No. 1:10CV49, 2010 WL 481253 (M.D.N.C. Feb. 5, 2010) (unpublished) (citing Joe v. Funderburk, No. 8:06-119-GRA-BHH, 2006 WL 2707011 (D.S.C. Sept. 18, 2006) (unpublished) and Lewis v. Casey, 518 U.S. 343, 361-62 (1996)). As to Plaintiff's assertion that inadequate availability of copiers and office supplies "obstructs his access to the courts" (Docket Entry 11 at 2), the Court observes that "'the constitutional right of meaningful access to the courts . . . does not extend "further than protecting the ability of an inmate to prepare a petition or complaint."' Plaintiff obviously was able to prepare a complaint and thus his right to access the courts has not been compromised." Id. (quoting Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (quoting Wolff v. McDonnell, 418 U.S. 539, 576 (1974))).

In light of the foregoing considerations, the Court will exercise its discretion to deny Plaintiff's second motion for appointment of counsel (Docket Entry 11).

The Court also will deny Plaintiff's request for entry of a temporary restraining order and of a show cause order directing certain state prison officials to explain why an injunction should not be entered (Docket Entries 9 and 10). This Court cannot entertain that request because it concerns events beyond the scope of Plaintiff's Complaint and because it targets individuals that neither are parties to this action nor could be made parties to this action as all of their past and future conduct at issue occurred or will occur exclusively in another judicial district.

The return address on the envelope via which Plaintiff submitted his instant request for immediate injunctive relief shows that Plaintiff continues to be housed at the same state prison in Anson County from which he filed his Complaint in this case. (Docket Entry 9-1 at 1.) In this request, after describing his alleged ongoing mental and physical suffering (Docket Entry 10 at 1-2), Plaintiff seeks a directive that he be "promptly provided with physical therapy and adequate medical treatment [because he is] risking more mental future damages that could be permanent." (Id. at 3.) According to Plaintiff, his "life is not protected because prison officials do not obey the constitution and other laws." (Id.) Plaintiff makes clear that the alleged unconstitutional actions (or inaction) motivating his instant

request for immediate injunctive relief are those of his current

custodians in Anson County:

> I have been complaining to medical about all of these
> symptoms but since 4-19-2009 medical staff started
> rejecting my sick calls.  They have been sending them
> back to me without giving me medical attention and none
> of them have been responded [sic].  I believe that they
> have been throwing my sick calls away because they
> stopped the rejection after I tried to submit a
> grievance. . . .  If medical staff do not stop their
> retaliation against me by cause of the defendants I will
> suffer irreparable injury.

(Id. at 2-3.)

As noted above, Plaintiff's Complaint concerns conduct that

allegedly occurred while he was housed at a state prison in

Scotland County beginning in 2007, which Plaintiff contends

amounted to unconstitutional use of force and deliberate

indifference to his serious medical needs.  Sometime before he

filed the Complaint in 2009, Plaintiff was transferred to a

different state prison in Anson County, where (according to his own

documentation) he remains.  To the extent Plaintiff asserts he has

suffered or (absent immediate injunctive relief) will suffer

constitutional wrongs at the Anson County facility, those claims

fall outside the scope of this action.  Moreover, Plaintiff's

instant request improperly seeks to enjoin officials at the prison

in Anson County who are not parties to this action.  Further,

because Anson County lies not in this judicial district, but in the

Western District of North Carolina, see 28 U.S.C. § 113, Plaintiff

could not amend his Complaint to add those parties (and related

claims).  Instead, he must file a separate action in the court with

venue over those matters (i.e., the United States District Court for the Western District of North Carolina), if he wishes to pursue the relief in question.[3]

For all of the foregoing reasons, the Court will deny Plaintiff's request for entry of a temporary restraining order and of a show cause order (Docket Entries 9 and 10) without prejudice to Plaintiff refiling such request in connection with his institution of a separate action in the appropriate court.

As a final matter, although the Court (per Magistrate Judge Sharp) previously directed the Clerk to send Plaintiff a summons for each defendant named in the Complaint (which summonses Plaintiff was ordered to complete with addresses suitable for service and to return to the Clerk) (Docket Entry 8), it does not appear from the docket in this case that such action has occurred. The Clerk should do so now and Plaintiff again will be ordered to complete and to return said summonses, whereafter service will be accomplished via the United States Marshal.

**IT IS THEREFORE ORDERED** that Plaintiff's pro se "Motion for Appointment of Counsel" (Docket Entry 11) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Affidavit in Support of Order to Show Cause and for an Injunction and Temporary Restraining Order" (Docket Entry 10), which the Court treats as a

---

[3] In connection with a separate case, this Court previously has advised Plaintiff that he must pursue matters related to the conduct of officials at his current place of incarceration in the Western District of North Carolina, rather than in this district. See Gevara v. Bennett, No. 1:09CV978 (M.D.N.C. Dec. 29, 2009) (unpublished).

motion seeking entry of the related proposed order (Docket Entry 9), is **DENIED WITHOUT PREJUDICE** to Plaintiff refiling such a request in connection with an action instituted in the proper court.

IT IS FURTHER ORDERED that the Clerk forthwith shall send Plaintiff a summons for each defendant named in the Complaint.

IT IS FURTHER ORDERED that Plaintiff shall complete each summons, including by providing for each defendant an address suitable for service, and shall return the completed summonses to the Clerk on or before March 19, 2010.  Failure by Plaintiff to complete said summonses properly, including by providing addresses suitable for service, or to return the properly completed summonses as directed will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that the Clerk shall forward properly-completed summonses timely returned by Plaintiff to the United States Marshal who shall cause any defendant named therein to be served with such summons and a copy of the Complaint pursuant to Fed. R. Civ. P. 4(c)(1) and (3).

                                /s/ L. Patrick Auld
                              **L. Patrick Auld**
                        **United States Magistrate Judge**


February 18, 2010