IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JORGE GEVARA,                    )
                                 )
                Plaintiff,       )
                                 )
        v.                       )    1:09CV681
                                 )
F.B. HUBBARD, et al.,            )
                                 )
                Defendants.      )
```

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the State of North Carolina, has filed a complaint against various state prison officials pursuant to 42 U.S.C. § 1983, for alleged excessive use of force and for alleged indifference to a serious medical need in connection with certain events that allegedly occurred at the Scotland Correctional Institution in Scotland County, North Carolina, in 2007. (Docket Entry 2.)[1] At the time Plaintiff filed said Complaint in 2009, he had been transferred to the Lanesboro Correctional Institution in Anson County, North Carolina. (Id. at 2.) Plaintiff also filed a motion to appoint counsel at the same time that he instituted this action. (Docket Entry 3.) This Court, per Magistrate Judge P. Trevor Sharp, denied that motion. (Docket Entry 5.)

Plaintiff thereafter filed a second motion for appointment of counsel, as well as two additional documents, styled as an "Order to Cause [sic] for a [sic] Injunction a [sic] Temporary Restraining

---

[1] In his filings, Plaintiff uses the last name "Galeas" (sometimes followed by the name "Gevara" in parentheses); however, because he is incarcerated under the last name "Gevara," and his claims relate to that incarceration, his case has been docketed under that last name.

Order" and an "Affidavit in Support of Order to Show Cause and for an Injunction and Temporary Restraining Order," respectively. (Docket Entries 9, 10, and 11.)  Given the liberal construction rules applicable to pro se litigants, see generally Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court treated the Affidavit as a motion asking the Court to grant the proposed order, denied that motion without prejudice to Plaintiff filing it in connection with a properly-filed action in a proper venue, and denied Plaintiff's second motion for appointment of counsel.  (Docket Entry 12.)

The Court denied Plaintiff's request for entry of a show cause order and/or immediate injunctive relief because that request concerned events beyond the scope of Plaintiff's Complaint and because it targeted individuals that neither were parties to this action nor could be made parties to this action.  More specifically, the Court ruled that Plaintiff's Complaint concerns conduct that allegedly occurred while he was housed at a state prison in Scotland County beginning in 2007, whereas, in his request for injunctive relief, Plaintiff asserts that he has suffered or (absent immediate injunctive relief) will suffer constitutional wrongs at a state prison in Anson County (to which he was transferred at some time after the incident in Scotland County, but before he filed the Complaint).

In other words, the Court determined that Plaintiff's request for injunctive relief did not relate to the claims in this action and improperly sought to demand a showing of cause from and/or to enjoin the actions of officials at the prison in Anson County who

are not parties to this action.  Further, the Court noted that, because Anson County lies not in this judicial district, but in the Western District of North Carolina, Plaintiff could not amend his Complaint to add those parties or claims that would support the requested injunctive relief.  Accordingly, the Court observed that Plaintiff must file a separate action in the court with venue over those matters (i.e., the United States District Court for the Western District of North Carolina), if he wished to pursue such relief.[2]  Finally, the Court directed the Clerk's Office to send Plaintiff summons forms to complete and to return so that the United States Marshal could serve the Defendants who are named as parties to this action with Plaintiff's Complaint.

The Court mailed the foregoing Order and summons forms to Plaintiff on February 18, 2010.  On March 22, 2010, the Clerk's Office docketed a filing from Plaintiff bearing the following caption:  "Motion for Leave to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion and Order."  (Docket Entry 13.)[3]  That filing

---

[2] In connection with a separate case, this Court previously has advised Plaintiff that he must pursue matters related to the conduct of officials at his current place of incarceration in the Western District of North Carolina, rather than in this district.  See Gevara v. Bennett, No. 1:09CV978 (M.D.N.C. Dec. 29, 2009) (unpublished).

[3] With said filing, Plaintiff also apparently returned incomplete summons forms, which the Clerk's Office immediately returned to him.  Plaintiff is reminded again that his failure to complete and to return said forms in a timely manner will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m).

has been referred to the undersigned Magistrate Judge. (Docket Entry dated March 22, 2010.)

A review of the filing in question reveals that it primarily constitutes objections to the Order entered and mailed to Plaintiff on February 18, 2010.[4] Because the denial without prejudice of Plaintiff's request for a show cause order and/or immediate injunctive relief and the denial of his second motion for appointment of counsel constitute rulings on nondispositive matters by a magistrate judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy of the order," Fed. R. Civ. P. 72(a). See Anderson v. Felker, No. 2:07-cv-1061-GEB-GGH-P, 2008 WL 4380524 (E.D. Cal. Sept. 25, 2008) (reviewing challenge to magistrate judge's orders "denying plaintiff's request for appointment of counsel and vacating plaintiff's request for preliminary injunctive relief without prejudice" under "clearly erroneous or contrary to law" standard). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Accordingly, to the extent Plaintiff's instant filing constitutes an objection to

---

[4] The Court notes that not only does most of the substance of the filing appear to address objections to the February 18, 2010 Order, but the form of the filing reflects that it constitutes such as well. For example, the filing's caption ends with the language "and Objections to the Magistrate's Opinion & Order" (Docket Entry 13 at 1), the bulk of the discussion in the filing falls below the heading "Objections" (id.), and the filing's conclusion declares that "the court should reject the Magistrate's Memorandum Opinion and Order and grand [sic] the Plaintiff an Order to Cause for [sic] an Injunction and Temporary Restraining Order, including Plaintiff's Motion for appointment of counsel," (Docket Entry 13 at 4).

the February 18, 2010 Order, that aspect of the filing should be referred to the assigned district judge for any further action.[5]

To the extent that Plaintiff's instant filing also constitutes a motion to amend, it is not clear what Plaintiff seeks to amend. As to amendment, Plaintiff states only as follows: "Pursuant to rules 15(a) and 19(a), Fed. R. Civ. P., Plaintiff request to leave [sic] to file this amended [sic] in support of the documents already filed in this court . . . ." (Docket Entry 13 at 1.) The former rule cited by Plaintiff authorizes a party to amend a "pleading" before trial under various circumstances. Fed. R. Civ. P. 15(a). Although the term "pleading" is sometimes used loosely to refer to any filing in a court case, under the Federal Rules of Civil Procedure, "pleading" is a term of art. Fed. R. Civ. P. 7(a). In this case, the only "pleading" Plaintiff has filed is the Complaint. To the extent Plaintiff seeks leave to amend the Complaint, his request is moot in that he may amend as a matter of course (i.e., without permission from the Court) because no answer or other responsive pleading has been filed yet. See Fed. R. Civ. P. 15(a)(1)(B).[6]

---

[5] The Court notes that the filing at issue contains an execution date of March 8, 2010. (Docket Entry 13 at 4.) Accordingly, even giving Plaintiff the benefit of the "mailbox rule," it is not clear that this filing constitutes a "timely" objection as required by Rule 72(a). That matter, like the merits of any objections offered by Plaintiff, remain for the assigned district judge to consider.

[6] If rather than seeking to amend the Complaint, Plaintiff seeks to amend his request for a show cause order and/or immediate injunctive relief or his second motion for appointment of counsel, the Court finds that such a motion is moot as well because the Court has ruled on those filings.

-5-

The latter rule cited by Plaintiff addresses joinder of persons. See Fed. R. Civ. P. 19(a). From this cryptic citation and some of the content of Plaintiff's instant filing it appears that Plaintiff may be seeking to add individuals from the prison in Anson County as defendants in this action. Plaintiff, however, does not identify any such putative defendants and, as a result, the Court cannot be certain what Plaintiff seeks to do. Accordingly, to the extent Plaintiff seeks leave to amend to join additional persons, the Court will deny the motion without prejudice to Plaintiff filing a motion that makes clear the persons that Plaintiff seeks to join and the purpose of the proposed joinder. If Plaintiff does seek to add individuals from the prison in Anson County as defendants and intends to amend the Complaint to add new claims related to events at said facility, the Court reminds Plaintiff that such matters lie outside the venue of this Court.

**IT IS THEREFORE ORDERED** that, to the extent Plaintiff's pro se "Motion for Leave to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion and Order" (Docket Entry 13) raises objections to the Order entered on February 18, 2010 (Docket Entry 12), said filing must be referred to the assigned district judge for any further action.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff's pro se "Motion for Leave to Amend an Order to Show Cause and for an

Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion and Order" (Docket Entry 13) seeks leave to amend the Complaint and/or any prior filing by Plaintiff in this case, said filing is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff's pro se "Motion for Leave to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion and Order" (Docket Entry 13) seeks leave to join additional persons, said filing is DENIED WITHOUT PREJUDICE.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 23, 2010