IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JORGE GEVARA,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    1:09CV681
                                 )
F.B. HUBBARD, et al.,            )
                                 )
          Defendants.            )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner of the State of North Carolina, has filed a complaint against various state prison officials pursuant to 42 U.S.C. § 1983, for alleged excessive use of force and for alleged indifference to a serious medical need in connection with certain events that allegedly occurred at the Scotland Correctional Institution. (Docket Entry 2.)[1] Plaintiff also filed a motion to appoint counsel at the same time that he instituted this action. (Docket Entry 3.) This Court, per Magistrate Judge P. Trevor Sharp, denied that motion. (Docket Entry 5.)

Plaintiff thereafter filed a second motion for appointment of counsel, as well as two additional documents, styled as an "Order to Cause [sic] for a [sic] Injunction a [sic] Temporary Restraining Order" and an "Affidavit in Support of Order to Show Cause and for an Injunction and Temporary Restraining Order," respectively. (Docket Entries 9, 10, and 11.) Given the liberal construction rules applicable to pro se litigants, see generally Erickson v.

---

[1] In his filings, Plaintiff uses the last name "Galeas" (sometimes followed by the name "Gevara" in parentheses); however, because he is incarcerated under the last name "Gevara," and his claims relate to that incarceration, his case has been docketed under that last name.

Pardus, 551 U.S. 89, 94 (2007), the Court treated the Affidavit as a motion asking the Court to grant the proposed order, denied that motion without prejudice to Plaintiff filing it in connection with a properly-filed action in a proper venue, and denied Plaintiff's second motion for appointment of counsel. (Docket Entry 12.)

The Court denied Plaintiff's request for entry of a show cause order and/or immediate injunctive relief because that request concerned events beyond the scope of Plaintiff's Complaint and because it targeted individuals that neither were parties to this action nor could be made parties to this action. Plaintiff thereafter filed a "Motion for Leave to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion and Order." (Docket Entry 13.)[2] That filing was referred to the undersigned Magistrate Judge and an order was entered on March 23, 2010. (Docket Entry 14.)

In that Order, it was determined that Plaintiff's Docket Entry 13 filing primarily constituted objections to the Order entered on February 18, 2010 (Docket Entry 12), and, to that extent, Docket Entry 13 should be referred to the assigned district judge for any further action. Further, to the extent that Docket Entry 13 constituted a motion to amend, the Court noted that: 1) it was not clear what Plaintiff sought to amend; 2) to the extent Plaintiff

---

[2] With said filing, Plaintiff also apparently returned incomplete summons forms, which the Clerk's Office immediately returned to him. Plaintiff is reminded again that his failure to complete and to return said forms in a timely manner will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m).

-2-

sought leave to amend the Complaint, his request was moot in that he may amend as a matter of course (i.e., without permission from the Court) because no answer or other responsive pleading had been filed yet (see Fed. R. Civ. P. 15(a)(1)(B)); and 3) to the extent Plaintiff sought leave to amend to join additional persons, his request should be denied without prejudice to Plaintiff clarifying who he seeks to join and the basis for such joinder.

Plaintiff now has filed another "Motion to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error, and Objections to the Magistrate's Opinion & Order." (Docket Entry 17.) This document mirrors Plaintiff's filing in Docket Entry 13, not only in name, but also in content. In other words, Docket Entry 17 primarily constitutes objections to an order by the undersigned Magistrate Judge (i.e., Docket Entry 14), but also appears to contain a separate motion to amend Plaintiff's Complaint (to add three new defendants). The Court will dispose of Docket Entry 17 in the same manner that it disposed of Docket Entry 13: 1) to the extent Docket Entry 17 constitutes objections to the Order entered on March 23, 2010 (Docket Entry 14), Docket Entry 17 should be referred to the assigned United States District Judge for review via Federal Rule of Civil Procedure 72(a); and 2) to the extent Docket Entry 17 constitutes a motion to amend Plaintiff's Complaint, Docket Entry 17 should be denied as moot because, in the

current posture of the case, Plaintiff may amend his Complaint without court leave, see Fed. R. Civ. P. 15(a)(1)(B).[3]

**IT IS THEREFORE ORDERED** that, to the extent Plaintiff's "Motion for Leave to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion & Order" (Docket Entry 17) raises objections to the Order entered on March 23, 2010 (Docket Entry 14), said filing must be referred to the assigned United States District Judge for any further action.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff's "Motion for Leave to Amend an Order to Show Cause and for an Injunction and Temporary Restraining Order and Appointment of Counsel as a Support of Any Error and Objections to the Magistrate's Opinion & Order" (Docket Entry 17) seeks leave to amend Plaintiff's Complaint in this case, said filing is DENIED AS MOOT.

                                      /s/ L. Patrick Auld
                                         **L. Patrick Auld**
                            **United States Magistrate Judge**

April 16, 2010

---

[3] As in the prior order, Plaintiff is advised that, if he chooses to file an amended complaint adding new defendants, he must include factual allegations that show the conduct of the individuals in question and that he should only include allegations of conduct that occurred in this district.

-4-